Honorable W. James Icenogle Prosecuting Attorney County of Camden 10 Courthouse, One Court Circle Camdenton, MO 65020
Dear Mr. Icenogle:
You have requested an opinion on a issue pertaining to the incompatibility of offices. Specifically, you asked:
 Is it permissible for a person to serve on the Camden County Commission while at the same time serving as a member of the School of the Osage R-II School Board, which is located primarily within Miller County and appears to be a Miller County School District under applicable law?
To determine whether there is an incompatibility between two positions, the duties and responsibilities of the two offices must be compared. Past decisions "have turned on the question whether such duties are inconsistent, antagonistic, repugnant or conflicting as where, for example, one office is subordinate or accountable to the other." State ex rel. McGaughey v. Grayston, 163 S.W.2d 335, 339-40
(Mo.banc 1942).
We have previously opined that it is incompatible to simultaneously serve as a county commissioner and a member of a school board. See
Attorney General's Opinion No. 84-2001. In Opinion 84-2001, we stated:
 Members of a county commission have extensive duties, including those related to the appointment to school boards in case of multiple vacancies. See, for example, Section 162.261, RSMo 2000. Due to the extensive responsibilities of a county commission in overseeing school district reorganization, it would be incompatible for a county commission member to serve on a school board.
But that opinion did not address a situation in which the school district in question belonged to a different county than the one in which an individual served as county commissioner. That distinction is important because the duties we considered involved a county commissioner's authority with respect to a school district belonging to the commissioner's county. For example, with respect to school district reorganization plans, a school district with territory in more than one county is designated by the State Board of Education as belonging to the county containing the portion of the district with the highest assessed valuation. See Section 162.181, RSMo 2000. See also Sections 162.191
and 162.241, RSMo 2000. In addition, Section 162.261, RSMo Cum. Supp. 2003, provides that "if there are more than two vacancies at any one time [on a seven-director school board], the county commission upon receiving written notice of the vacancies shall fill the vacancies by appointment." Section 162.261 does not contain language specifically identifying which county commission would make such appointments in the case of a school district having territory in more than one county, but the terms of the statute contemplate that a single county commission would make the appointments. Reading Section 162.261 in para materia with other provisions of Chapter 162 calling for assignment of school districts to particular counties, we conclude that the commission of the county to which the school district belongs would possess the authority to make appointments to fill vacancies as envisioned in Section 162.261. SeeGoldberg v. State Tax Comm'n, 639 S.W.2d 796, 805 (Mo. 1982) (statutes dealing with the same subject matter should be read in para materia). Accordingly, we do not find duties of a county commissioner to be incompatible with serving on the board of a school district that belongs to a different county.
Your specific question addresses a situation in which an individual would serve as Camden County Commissioner while serving as a member of the School of the Osage R-II School Board. The materials submitted with your opinion request indicate that the School of the Osage R-II School District would belong to Miller County rather than Camden County. To cite one indicator as an example, materials published by the Missouri Department of Elementary and Secondary Education refer to School of the Osage R-II School District with the county code number for Miller County rather than Camden County.
 CONCLUSION
It is the opinion of this office that under current applicable law the offices of Camden County Commissioner and member of the School of the Osage R-II School Board are not incompatible because School of the Osage R-II School District belongs to Miller County rather than Camden County.
Sincerely,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure